**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARITA TURNER,

        Plaintiff,

v.                                        Case No. 15-11451

DEPARTMENT OF CORRECTIONS, et. al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING APPLICATION TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION**

On April 17, 2015, *pro se* Plaintiff Marita Turner filed what she styled as a "Complaint for Writ of Mandamus" seeking the issuance of various subpoenas for records allegedly kept by Defendants, who are officers of the Huron Valley Complex where Plaintiff is incarcerated. (Dkt. # 1.) Now before the court is Plaintiff's application to proceed without prepaying fees or costs under 28 U.S.C. § 1915(a)(2). For the reasons that follow, the court will grant Plaintiff's application and summarily dismiss her complaint under 28 U.S.C. § 1915(e)(2)(B).

Though not explicitly stated by Plaintiff, her request is apparently related to prior litigation before this court. *See Turner v. Callington*, Case No. 13-12744, 2014 WL 2764172 (E.D. Mich. April 18, 2014). In *Callington*, Plaintiff alleged that various prison officials, including Danitra Callington, a named Defendant in the instant action, violated her Eighth Amendment rights by tampering with her food and subsequently denying her necessary medical treatment. (*Id.*) Plaintiff sought one hundred million dollars in

damages. (*Id.*) This court adopted a Report and Recommendation prepared by then-Magistrate Judge Laurie J. Michelson granting a motion to dismiss filed by two Defendants, stating "Plaintiff may move to amend her complaint by May 23, 2014, to replead her Eighth Amendment contamination-of-food claim, with allegations that explain how individual defendants were personally involved[.]" (*Id.*) Plaintiff failed to do so – though she did file an amended complaint that simply stated the elements of an Eighth Amendment claim without alleging supporting facts on May 1 – and this court adopted a subsequent Report and Recommendation issued by Magistrate Judge Patricia Morris granting the remaining defendants' motions and dismissing the case in its entirety with prejudice. Turner v. Callington, 2014 WL 2764172 (E.D. Mich. June 18, 2014).

The court granted Plaintiff's application to proceed on appeal without prepaying fees or costs under 28 U.S.C. § 1915(a)(3) in an October 29, 2014 order. (Case No. 13-12774, Dkt. # 52.) The Sixth Circuit denied Plaintiff's appeal in an opinion entered June 17, 2015. (Case No. 13-12774, Dkt. # 53.) In its opinion, the Sixth Circuit noted that Plaintiff asked the Circuit Court to order the release of the same records sought in the instant complaint, which the Circuit Court denied because "this evidence has not been first presented to the district court for consideration." (*Id.*)

While Plaintiff's appeal was pending, on April 17, 2015, she filed the instant "Complaint for Writ of Mandamus" without prepaying the requisite filing fee. (Dkt. # 1.) Apparently interpreting Plaintiff's filing as a new matter, the Clerk of the Court applied a new case number, and this court ordered Plaintiff to correct the failure to submit the filing fee on August 14, 2015. (Dkt. # 3.) On September 8, 2015, Plaintiff submitted the

2

application to proceed *in forma pauperis* now before the court. (Dkt. # 4.) Eighteen days later, on September 25, 2015, Plaintiff filed a one-page request for reconsideration in the earlier case and attached the amended complaint she had filed on May 1, 2014. (Case No. 13-12774, Dkt. # 56.)

Under the Prison Litigation Reform Act of 1996, the court must *sua sponte* dismiss any portion of an *in forma pauperis* complaint that is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). To avoid dismissal for failure to state a claim, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The court is mindful of the duty to construe *pro se* civil rights complaints liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). It is not immediately clear to the court whether Plaintiff intended her April 17, 2015 filing to be a separate complaint initiating a new matter or to be a motion in the earlier, dismissed case. Either way, the court must deny Plaintiff's request.

If construed as a motion in the earlier litigation, Plaintiff's claim was moot before it was filed. The court dismissed the Plaintiff's case in its entirety, with prejudice, on June 18, 2014 – nearly nine months to the day before Plaintiff's filing. *Callington*, 2014

3

WL 2764172. Plaintiff's motion for reconsideration, filed even later, is also untimely and provides no basis for relief. *See* LR 7.1(h) (providing fourteen days from entry of judgment or order to file motion for reconsideration).

If construed as a new matter, Plaintiff's complaint must be dismissed for a variety of reasons. At the outset, notwithstanding Plaintiff's numerous citations to Michigan statutes and the Michigan Court Rules, federal district courts are unequivocally barred from issuing writs of mandamus by Federal Rule of Civil Procedure 81(b). Further, Plaintiff's complaint provides no factual grounds on which this court may issue the requested subpoenas or otherwise order the production of documents. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(a)(1)(A)(ii). Plaintiff's complaint asserts no claim for damages or declaratory or injunctive relief. Even if it did, Plaintiff's claims would likely be precluded by the doctrine of *res judicata*. *See Bittinger v. Tecumseh Pros. Co.*, 123 F.3d 877, 880 (6th Cir. 2010). Nor does it allege that Plaintiff has a legal entitlement to the records – it states only that the records "will substantiate her claims[.]" (Dkt. # 1, Pg. Id 3.) But Plaintiff's prior allegations regarding her treatment while in custody are not presently before this court. Plaintiff's complaint lacks an arguable basis in law and fails to state a claim upon which relief may be granted. As a result, it must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

Finally, Plaintiff has now filed at least three proceedings *in forma pauperis* while incarcerated and all have been dismissed as either frivolous or failing to state a claim upon which relief may be granted. *See Talley v. Novak*, Case No. 13-12382, 2013 WL 378823 (E.D. Mich. July 19, 2013) (filed under alias and summarily dismissed for failure to state a claim) (Edmunds, J.); *Turner v. Inge*, Case No. 13-12743 (E.D. Mich. May 8,

4

2014) (summarily dismissing form complaint with no factual allegations) (Luddington, J.). Under the "three strikes" provision of the Prison Litigation Reform Act of 1996, Plaintiff may no longer be granted leave to bring a civil action *in forma pauperis* unless she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The "three strikes" provision would also bar the instant application if Plaintiff's filing is construed as a new matter.[1] Accordingly,

    IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt. # 4) is GRANTED.

    IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for frivolity and failure to state a claim upon which relief may be granted.

                                                s/Robert H. Cleland  
                                                ROBERT H. CLELAND  
                                                UNITED STATES DISTRICT JUDGE

Dated:  January 6, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 6, 2017, by electronic and/or ordinary mail.

                                                s/Shawna C. Burns  
                                                Case Manager Generlist  
                                                (810) 984-2056

Q:\Cleland\JUDGE'S DESK\C1 ORDERS\15-11451.TURNER.grant.ifp.summary.dimsiss.TLH.wpd

---

[1] While this court dismissed Plaintiff's prior action under Federal Rule of Civil Procedure 12(b)(6), not 28 U.S.C. § 1915(a)(2)(B)(2), it still counts as a "strike" for the purposes of § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 372 (6th Cir. 2007).